UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRACY WHITNEY,

          Plaintiff,

    v.

MICHAEL ASTRUE, Commissioner of Social Security Administration,,

          Defendant.

Case No.  C06-5610RBL

REPORT AND RECOMMENDATION

Noted for October 12, 2007

    This matter is before the court on plaintiff's failure to appear as directed by the court and following withdrawal of her attorney. *See* Doc. 25.  After carefully reviewing the record, the undersigned recommends that the case be dismissed for lack of prosecution.

    Plaintiff, Tracy Whitney, previously resided in or near Wilmington, Delaware, where through an attorney she filed a Petition or Complaint to review the social security administration's denial of her application for benefits.   At some point following the filing of her Complaint with the U.S. District Court in Delaware, Ms. Whitney moved to Aberdeen, Washington, and the case was transferred to this court on or about October 23, 2006.

    When no Answer was filed by the Defendant, the undersigned reviewed the file and discovered that the filed did not contain proof of service and that it appeared the Complaint had not been properly served. See Doc. 19.  By no later than April 30, 2007, the court instructed Plaintiff to file proof that the summons and complaint in this matter has been properly served on each of the parties or show cause why

REPORT AND RECOMMENDATION
Page - 1

this matter should not be dismissed for lack of prosecution. The court's order was sent to Plaintiff's address in Aberdeen, but it was returned as undeliverable. On May 1, 2007, the court received a letter from Plaintiff's Delaware attorney, who explained that he was attempting to cure the deficiency with service of the Complaint and Summonses. See Doc. 22. The court also was made aware of Ms. Whitney's new address or post office box in Ocean Shores, Washington.

On a subsequent motion to formally withdraw from the case as the attorney of record (Doc. 24), the court explained that Ms. Whitney would need to either obtain a new attorney or represent herself in this matter and file a notice of appearance by no later than May 30, 2007. See Doc. 25. On May 31, the undersigned recommended that the matter be dismissed for failure to prosecute.

Providing Plaintiff one last chance to properly appear in this matter, the Court re-referred this matter to the undersigned explaining that the clerk may not have sent the court's previous orders to Plaintiff at her correct address. *See* Doc. 28. On July 11, 2007, Plaintiff was directed to appear, either with or without an attorney, by no later than July 31, 2007, but to date, the clerk has not received any filings or documents directly from Plaintiff or a new attorney on her behalf in this matter.

Based on the court record and the facts described above, the Court should dismiss plaintiff's Complaint and causes of action without prejudice for failure to prosecute. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 12, 2007**, as noted in the caption.

DATED this 17th day of September, 2007.

>*/s/ J. Kelley Arnold*
> J. Kelley Arnold
> U.S. Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2